UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD G. WILLIAMS,

           Plaintiff,

    v.

CDCR, et al.,

           Defendants.

No.  2:13-cv-1791 CKD P

ORDER

Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff has consented to this court's jurisdiction pursuant to 28 U.S.C. § 636(c) and Local Rule 302.

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by

1

the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129 S. Ct. at 1949.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Here, plaintiff makes vague and conclusory allegations that prison officials deprived him of his personal property by failing to transfer it to Pleasant Valley State Prison.  Even if plaintiff's

1  allegations were more specific, a negligent or intentional deprivation of property by a state

2  employee does not constitute a violation of federal due process if the state provides a meaningful

3  post-deprivation remedy for the loss.  See Hudson v. Palmer, 468 U.S. 517, 533 (1984);

4  Zimmerman v. City of Oakland, 255 F.3d 734, 738 (9th Cir. 2001).  The California Legislature

5  has provided a remedy for tort claims against public officials in the California Government Code,

6  §§ 900, et seq.  Because plaintiff has an adequate state law remedy for being deprived of his

7  property, he fails to state a §1983 claim on this basis.[1]

8         Moreover, the two defendants named by plaintiff – CDCR and CSP-Sacramento – are

9  immune from suit under the doctrine of sovereign immunity.  The Eleventh Amendment serves as

10 a jurisdictional bar to suits brought by private parties against a state or state agency unless the

11 state or the agency consents to such suit.  See Quern v. Jordan, 440 U.S. 332 (1979); Alabama v.

12 Pugh, 438 U.S. 781 (1978)( per curiam); Jackson v. Hayakawa, 682 F.2d 1344, 1349-50 (9th Cir.

13 1982).  In the instant case, the State of California has not consented to suit.

14        For the foregoing reasons, plaintiff's complaint must be dismissed.  The court will,

15 however, grant leave to file an amended complaint.  If plaintiff chooses to amend the complaint,

16 plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of

17 plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the

18 complaint must allege in specific terms how each named defendant is involved.  There can be no

19 liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a

20 defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v.

21 Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.

22 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights

23 violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

24        In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

25 make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

26

27 [1] Courts have distinguished those cases in which "the property deprivation is effected pursuant to an established state procedure."  Zimmerman, 255 F.3d at 738, citing Hudson, 468 U.S. at 534.
   In such circumstances, a plaintiff may allege a constitutional due process challenge "even though

28 some post deprivation remedies [are] available under state law."  Id.  This does not apply here.

1   complaint be complete in itself without reference to any prior pleading.  This is because, as a

2   general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

3   F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

4   longer serves any function in the case.  Therefore, in an amended complaint, as in an original

5   complaint, each claim and the involvement of each defendant must be sufficiently alleged.

6          In accordance with the above, IT IS HEREBY ORDERED that:

7          1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

8          2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  All fees

9   shall be collected and paid in accordance with this court's order to the Director of the California

10  Department of Corrections and Rehabilitation filed concurrently herewith.

11         3.  Plaintiff's complaint is dismissed.

12         4.  Plaintiff is granted thirty days from the date of service of this order to file an amended

13  complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil

14  Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number

15  assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and

16  two copies of the amended complaint; failure to file an amended complaint in accordance with

17  this order will result in dismissal of this action.

18  Dated:  November 5, 2013

19
                                        _____
20                                       CAROLYN K. DELANEY
                                         UNITED STATES MAGISTRATE JUDGE
21

22

23

24

25  2 /will1791.14.new

26

27

28

                                        4